# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DEVIN MOSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14CV177 ACL |
| | ) | |
| DONNA SPAVEN, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Defendants Eddie Hartline, David Helman, Brandi Juden, and Donna Spaven have moved for summary judgment on the ground that plaintiff failed to exhaust administrative remedies before filing this action. Plaintiff has not yet responded.

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Missouri Department of Corrections has a three-step grievance procedure: and informal resolution request, a formal grievance, and a grievance appeal. Defendants assert that plaintiff's claims were not exhausted when he filed this suit because his grievance was on appeal with the Department at the time he filed this case.

Summary judgment is the proper forum to determine whether a prisoner's claims have been properly exhausted. E.g., Dillon v. Rogers, 596 F.3d 260, 272 (5th Cir. 2010). When reviewing a motion for summary judgment, the Court must construe the record in the light most favorable to the non-moving party. The moving party bears the burden of establishing the

absence of any issue of material fact and its entitlement to judgment as a matter of law. The burden then shifts to the non-moving party, who may not rest on the pleadings, but must provide specific facts showing that issues of material fact exist for trial. Fed. R. Civ. P. 56; Heisler v. Metropolitan Council, 339 F.3d 622, 626 (8th Cir. 2003). In this case, that means that plaintiff must produce his grievance record in order to demonstrate that he has properly exhausted the grievance procedure regarding the claims in his complaint.

Plaintiff shall have until April 3, 2015, to file his response to defendants' motion for summary judgment. If plaintiff feels that he is unable to respond to the motion without conducting some discovery, he must file a motion for discovery explaining the necessity for the discovery. Defendants shall file any response brief no later than April 13, 2015.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall respond to defendants' motion for summary judgment no later than **April 3, 2015**. Defendants shall file any response brief no later than **April 13, 2015**.

Dated this 6th day of March, 2015.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE