UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEVIN MOSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14 CV 177 ACL |
| ) | |
| DONNA SPAVEN, et al., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

Defendant Tiffany Johnson moves for summary judgment (Doc. 20) on the basis that Plaintiff Devin Mosley failed to exhaust administrative remedies before filing this action. For the reasons set out below, Defendant Johnson's Motion is granted and the case is dismissed as to all Defendants without prejudice to refiling.

## Background

Plaintiff Devin Mosley, an inmate at the Southeast Correctional Center, brought this action under 42 U.S.C. §1983. He alleged that another inmate poured a hot liquid onto his face and chest, causing him to suffer first and second degree burns. He claimed that Defendants, who are nurses or health care supervisors, refused to treat his injuries or take him to the infirmary. Mosley alleged that he suffered unnecessary pain and permanent eye damage.

In support of his Complaint (Doc. 1), Mosley filed the prison's response to his grievance. (Doc. 1-4 at 1-2, Grievance No. 14-720). In an Affidavit, signed by Mosely on May 6, 2015, he stated, "I Devin Mosley attest that plaintiff exhausted his administrative remedies by filing his IRR, Grievance, and his Grievance Appeal." (Doc. 26 at 3.)

In support of Defendant Johnson's Motion for Summary Judgment, a sworn statement by co-Defendant Brandi Juden was attached wherein Defendant Juden stated

that Mosley's Grievance Appeal was filed on November 5, 2014, and that it had not been resolved as of the date she signed the Affidavit, February 9, 2015. (Doc. 21-1 at 3-4, Def.'s Ex. A.) It does appear, however, that Mosley's Grievance Appeal was resolved on January 30, 2015, when a Response was issued finding that Mosley's appeal was not supported. (Doc. 25 at 23.)

## Standard

When reviewing a motion for summary judgment, the Court must construe the record in the light most favorable to the non-moving party. The moving party bears the burden of establishing the absence of any issue of material fact and its entitlement to judgment as a matter of law. The burden then shifts to the non-moving party, who may not rest on the pleadings, but must provide specific facts showing that issues of material fact exist for trial. Fed. R. Civ. P. 56; *Heisler v. Metropolitan Council*, 339 F.3d 622, 626 (8th Cir. 2003).

Additionally, under 28 U.S.C. §1915A, the Court must dismiss a prisoner complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

## Discussion

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Missouri Department of Corrections has a three-step grievance procedure: an informal resolution request, a formal grievance, and a grievance appeal. (Doc. 21-1 at 2-3, Def.'s Ex. A.) Defendant Johnson asserts that Mosley's claims were not exhausted when he filed this suit because his grievance was on appeal with the Department of Corrections at the time he filed this case. (Doc. 21 at 3-4.) The record supports that Mosley filed his appeal on November 5, 2014, which was not resolved until January 30, 2015. Mosley

2

filed the instant Complaint on December 8, 2014, which means Mosley filed this action prior to exhausting the administrative remedies at the correctional facility.

Under the PLRA, "exhaustion" "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citation and quotations omitted; emphasis in original). An inmate must "exhaust prison grievance remedies *before* initiating a lawsuit. *Jones v. Bock*, 549 U.S. 199, 204 (2007) (emphasis added).

Because the uncontroverted facts demonstrate that Mosley's grievance appeal was not resolved before he initiated this lawsuit, Defendant Johnson is entitled to summary judgment. Additionally, Mosley's claims against the remaining Defendants must be dismissed under §1915A because, without proper exhaustion, his Complaint fails to state a claim upon which relief can be granted. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (addressing affirmative defense on in forma pauperis review).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Tiffany Johnson's Motion for Summary Judgment (Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** as to all Defendants without prejudice to refiling now that exhaustion has been completed.

An Order of Dismissal will be filed separately.

Dated this 9th day of July, 2015.

*[signature]*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE